# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CRIMINAL CASE NO. 1:20-cr-00064-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| JACOB DAYLEN ROSS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Withdraw as Counsel of Record and Request for Appointment of New Counsel [Doc. 17].

On July 30, 2020, the Defendant was charged by way of a Criminal Complaint with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). [Doc. 1]. On July 31, 2020, Defendant's initial appearance was held, at which time the Magistrate Judge appointed counsel. On August 4, 2020, the Defendant was charged in a Bill of Indictment with two counts of employing, using, persuading, inducing, enticing, and coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, in violation of 18 U.S.C. § 2251(a); two counts of knowingly receiving and attempting to receive child pornography, in violation

of 18 U.S.C. § 2252A(a)(2)(A); and one count of knowingly possessing and accessing with intent to view any material that contained an image of child pornography, in violation of 18 U.S.C. § 2252(a)(5)(B). [Doc. 6]. On August 5, 2020, Defendant's arraignment was held, at which time the Magistrate Judge calendared the case for the August 31, 2020 trial term and then, pursuant to 18 U.S.C. § 3161(c)(2), continued the case to its current setting during the November 2, 2020 trial term.

On September 18, 2020, pursuant to the United States District Court for the Western District of North Carolina Criminal Justice Act Plan, Section X.G.2., the Defendant filed a motion requesting appointment and compensation for a CJA Training Panel member as second chair counsel. [Doc. 11]. On September 22, 2020, the Magistrate Judge appointed present second-chair counsel, to be compensated at the prevailing hourly rate.[1]

On October 6, 2020, the Defendant was charged in a Superseding Bill of Indictment with five counts of employing, using, persuading, inducing, enticing, and coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, in violation of 18

---

[1] Pursuant to the United States District Court for the Western District of North Carolina Criminal Justice Act Plan, Section X.G.2.(a)., Training Panel members appointed as second-chair counsel under the CJA may be compensated at the prevailing hourly rate "in cases determined by the Court to be unusually difficult."

U.S.C. § 2251(a); and one count of knowingly possessing and accessing with intent to view any material that contained an image of child pornography, in violation of 18 U.S.C. § 2252(a)(5)(B). [Doc. 13]. On October 7, 2020, Defendant's arraignment on the Superseding Bill of Indictment was held. On October 24, 2020, the Defendant, through counsel, filed the present Motion to Withdraw. [Doc. 17].

As grounds for withdrawal, counsel state that since the filing of the Superseding Bill of Indictment, counsel have recently received additional discovery, including an additional thousand pages of reports, taped interviews, phone records, and Google accounts containing over 2400 files. [Doc. 17 at ¶ 2].[2] Counsel represents that before filling of the Superseding Bill of indictment and the delivery of additional evidence, counsel could have possibly been ready for trial on November 2, 2020. [Id. at ¶ 4]. However, counsel states that additional time is now needed to review all of the new discovery, transcribe recorded materials, interview potential witnesses – including witnesses identified in the Governments 404(b) Notice – and attempting determine if pretrial or trial motions need to be filed, as well as determine whether there is a need to consult any experts. [Id.]. Counsel

---

[2] Counsel also notes that the Government was not in possession of the additional discovery at the time of the first Bill of Indictment and has been providing discovery to defense counsel as soon as it is received from law enforcement. [Id. at n. 1].

3

represent that they will need at least an additional two months to properly prepare for the trial of this case. [Id.]. Counsel further represent that despite these factors, a motion for continuance has not been filed as the Defendant has insisted on proceeding to trial and also indicated he would retain private counsel by October 23, 2020.[3] As such, the Defendant's present counsel state that they would like to continue as counsel of record, however, they cannot adequately prepare the Defendant's case as required by Rule 1.1(5) of the North Carolina Rules of Professional Conduct, and will need to withdraw if the trial is not continued from the November 2, 2020 trial term. Counsel further represent that the Government does not take a position on the Motion to Withdraw, but the Government does not oppose a continuance of the trial. [Doc. 17].

The Court finds that the case should be continued. As noted above, the Defendant's counsel need more time to review the voluminous discovery that has been recently received and to adequately prepare for trial. Further, even if the Defendant were to retain counsel in the interim, such new counsel would not have an adequate opportunity to prepare for trial. This is particularly true considering the complexity of this case. [Doc. 11].

---

[3] At this time, no appearance by new counsel has been made and there is no indication that the Defendant has retained private counsel.

4

Accordingly, if the requested continuance were not granted, the Court finds that counsel would be denied "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

The Court further finds that, under these circumstances, a failure to continue the case would result in a miscarriage of justice. See 18 U.S.C. § 3161(h)(7)(B)(i).

For the reasons stated herein, the ends of justice served by the granting of the continuance outweigh the best interests of the public and the Defendant in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A).[4]

---

[4] Regardless of whether the Defendant personally consents to the continuance, the time period covered by the granting of the continuance is excluded from the computations under the Speedy Trial Act. See 18 U.S.C. § 3161(h)(7)(A) (excluding any period of delay from computation under the Speedy Trial Act "resulting from a continuance granted by any judge on his own motion or at the request of the defendant *or his counsel* or at the request of the attorney for the government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial") (emphasis added); see also United States v. Lynch, 726 F.3d 346, 356 (2d Cir. 2013) (holding that "pursuant to § 3161(h)(7)(A), a district court may grant a continuance sought by counsel without the consent of the defendant so long as the district court determines that the ends of justice would be served based upon its analysis of the factors articulated in 18 U.S.C. § 3161(h)(7)(B)"); United States v. Herbst, 666 F.3d 504, 510 (8th Cir. 2012) ("agree[ing] with the Sixth Circuit that the plain language of section 3161(h)(7)(A) 'does not require a defendant's consent to the continuance if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial'") (quoting United States v. Sobh, 571 F.3d 600, 603 (6th Cir. 2009)).

With respect to the Defendant's motion requesting to withdraw as counsel of record, in light of the continuance of this matter from the November 2, 2020 trial term, the Court finds the request moot. Accordingly, the Motion to Withdraw will be denied without prejudice.

**IT IS, THEREFORE, ORDERED** that the above-captioned case is hereby **CONTINUED** from the November 2, 2020 trial term in the Asheville Division.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Withdraw as Counsel of Record and Request for Appointment of New Counsel [Doc. 17] is **DENIED WITHOUT PREJUDICE** to the extent that present counsel shall remain counsel of record.

**IT IS SO ORDERED.**

Signed: October 26, 2020

Martin Reidinger
Chief United States District Judge